IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELVIN BOLTON,<br>     Movant, | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION NO.<br>1:22-CR-91-SCJ-CCB-1 |
| UNITED STATES OF AMERICA,<br>     Respondent. | CIVIL ACTION NO.<br>1:25-CV-6780-SCJ-CCB |

## FINAL REPORT AND RECOMMENDATION

Movant Kelvin Bolton, confined at FCI Atlanta in Atlanta, Georgia, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 310].

This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted. For the reasons stated below, I **RECOMMEND** that the instant motion to vacate [Doc. 310] be **DISMISSED without prejudice** as premature and a certificate of appealability be **DENIED**.

## I. DISCUSSION

"The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir.

1990); *see also United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001) (concluding that "the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence"); *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (noting that "a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief"). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." *Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013); *see also Cannon v. United States*, No. 1:22-CR-0313-ELR-RGV-1, 2024 WL 4314990, at *1 (N.D. Ga. Aug. 21, 2024) (recommending dismissing as premature a § 2255 motion pending during direct appeal), *report and recommendation adopted*, 2024 WL 4314200 (N.D. Ga. Sept. 26, 2024).

On November 20, 2024, Movant was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). [Doc. 259.] On June 6, 2025, he filed a notice of appeal. [Doc. 288.] Based on records from the United States Court of Appeals for the Eleventh Circuit, Movant's

2

direct appeal remains pending. *United States v. Bolton*, No. 25-11981 (11th Cir. filed June 9, 2025). Indeed, according to a briefing notice from December 5, 2025, Movant's opening brief will be due on January 12, 2026. *Id.* at [Doc. 18]. As a result, because Movant's direct appeal is still pending, his § 2255 motion is premature and should be dismissed without prejudice.

## II.    CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim

3

> . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

I **RECOMMEND** that a certificate of appealability be denied because the resolution of the issue presented—that Movant's § 2255 motion is premature—is not debatable. If the district judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## III.    CONCLUSION

For the reasons stated above, I **RECOMMEND** that the motion to vacate [Doc. 310] be **DISMISSED without prejudice** as premature, that a certificate of appealability be **DENIED**, and that civil action number 1:25-cv-6780-SCJ-CCB be **CLOSED**.

The Clerk is **DIRECTED** to terminate me from civil action number 1:25-cv-6780-SCJ-CCB.

**SO RECOMMENDED**, this 6th day of January, 2026.

_____

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE